[No. 2,830.]

# ELIZA JANE HALL v. JOEL S. POLACK AND MARY POLACK.

DUTY OF COURT TO VACATE ORDER INADVERTENTLY MADE.—Where a Court, through its own inadvertence, has prematurely made an order granting a motion for a new trial before the final submission of the motion, it is the duty of the Court, upon its own motion, to vacate the order so made.

EVIDENCE CONTRARY TO ADMISSIONS IN PLEADINGS. — All evidence contrary to the admissions of the pleadings should be disregarded, the admissions being binding on the party making them.

FINDING NOT SUPPORTED BY EVIDENCE.—In a suit to compel the convey-
ance of land, H. alleged the purchase by herself of an interest in the land,
and an agreement by P. to exchange title to other lands for the title to hers;
that she had deeded her interest to P. under the agreement, but that P.
had refused to deed to her. The answer admitted the purchase by H. but
averred that it was made with money loaned by himself to her; admitted
the conveyance by H. to himself, but denied the mutual agreement to
convey. The referee who tried the case, found that the purchase was
made by H. but with P.'s money, and that P. had paid no consideration
for the deed from H. Judgment was for P. *Held*, to be error, because not
supported by the evidence—all evidence contrary to the admissions of the
answer being disregarded.

PRESUMPTION IN FAVOR OF INNOCENT PURCHASER.—In a suit to compel
the conveyance of land, where it is alleged that the land was deeded to P.
through fraud on the part of her affianced husband, prior to marriage, the
findings being silent on the subject, with no exceptions to them as defective,
and P. claiming to be a purchaser for value in good faith, without notice of
plaintiff's equities, it will be presumed that all the facts necessary to sup-
port the judgment in favor of P. were found.

APPEAL from the District Court of the Twelfth Judicial
District, City and County of San Francisco.

This was a suit in equity to compel the defendants to con-
vey to the plaintiff an undivided one half interest in two
parcels of land—one known as the Geyser Springs tract and
the other as the Nicassio Rancho—upon an alleged agree-
ment by the defendant, Joel S. Polack, to so convey. It is
alleged in the complaint that in the year 1857 the plaintiff
purchased an interest in Goat Island of Frank Pixley, and
in the following year purchased another interest in the same
island from Edward A. King, and another interest in the
island of William Hart, Jr.; that in 1861 the defendant Joel
agreed to exchange by deed an undivided one half interest
in the Geyser Springs and Nicassio property for the plain-
tiff's interest in Goat Island; that in pursuance of the agree-
ment the plaintiff gave him a deed to her Goat Island prop-
erty, and that immediately afterwards he gave her exclusive
possession of the Geyser Springs land, but failed and refused
to give her a deed to either of the parcels of land; that at

the time of the agreement the title to the Nicassio Ranch stood in the name of one Pratt, but was really owned by the defendant Joel; that he procured Pratt to make a deed of the ranch to the defendant Mary, who was then unmarried, but to whom the defendant Joel was then engaged to be married, and whom he subsequently married; that the defendant Mary knew of these facts; that the deed to her was made to delay and defraud the creditors of the defendant Joel; and that he is indebted to the plaintiff in the sum of twenty thousand dollars—the value of the Geyser Springs property being ten thousand dollars. The answer denies most of the allegations of the complaint, but makes the following admissions:

" The defendant admits that on the 10th day of February, A. D. 1857, plaintiff purchased of one Frank M. Pixley an interest in the Island of Yerba Buena, for the sum of five thousand five hundred dollars; but denies that the whole purchase money thereof was paid by plaintiff, and alleges that only the sum of six hundred and fifty dollars was paid, and that the balance of four thousand eight hundred and fifty dollars is still due from said plaintiff to said Pixley.

"Admits that said plaintiff did, on the 9th day of April, A. D. 1858, purchase of Edward L. King, for the sum of one thousand dollars, by deed made on that day, another interest in and to said island; but denies that said sum of one thousand dollars, or any part thereof, was paid by said plaintiff, or by any person than this defendant; and alleges the fact to be that said purchase was made for said plaintiff by this defendant as her agent, and that the said sum of one thousand dollars paid by her therefor was money loaned and advanced to her therefor by this defendant, and at her special instance and request.

" Admits that plaintiff did, on the 24th day of June, 1858, purchase of one William Hart, Jr., another interest in said

Island of Yerba Buena, for the sum of four hundred and sixty dollars; but denies that said sum of four hundred and sixty dollars, or any part thereof, was paid by said plaintiff or by any other person than this defendant, and alleges the fact to be that said purchase was made by this defendant for said plaintiff, as her (said plaintiff's) agent, and that said sum of four hundred and sixty dollars paid by her heretofore, was money loaned and advanced to her therefor by this defendant, and at said plaintiff's special instance and request."

The case was tried by a referee, who reported findings and a judgment for the defendant. The first finding of facts was as follows:

"That the defendant, Joel S. Polack, on the 10th day of February, 1857, in the name of the plaintiff, purchased for the consideration of the sum of six hundred and fifty (650) dollars, of F. M. Pixley, an interest in the Island of Yerba Buena. That on the 9th day of April, 1858, the said defendant, Joel, purchased in the name of the plaintiff, for the consideration of the sum of one thousand (1,000) dollars, another interest in said island. That on the 24th day of June, 1858, the defendant, Joel, purchased in the name of the plaintiff, for the consideration of the sum of four hundred and sixty (460) dollars, another interest in said island. That the several sums of money so paid for said respective interests in said island, was the money of the defendant, Joel, and no part of the same was the money of or furnished by the plaintiff. That the plaintiff, by deed dated September 11th, 1861, conveyed her interest in said island to the defendant, Joel S. Polack; that the expressed consideration in said deed was the sum of one thousand (1,000) dollars, but no part of said consideration was at any time ever paid by the defendant, Joel, to the plaintiff."

The plaintiff moved for a new trial; the motion was denied, and he appealed.

The other facts are stated in the opinion of the Court.

*H. F. Crane*, for Appellant.

Where a Court has granted a new trial a party acquires a vested right of which he can not be deprived, especially without an opportunity of being heard, and in case of failure in his resistance to save his exceptions, and see that some record is kept of the proceedings, and that some intelligible order is entered, from which he may appeal.

The first finding is for the plaintiff, upon the principal issue, to wit: the parol agreement; and is in exact accordance with the pleadings and proofs of the plaintiff, and directly against the pleadings and evidence of the defendants.

The first, second, third, and fourth clauses of the first finding of the referee are against and contrary to the express admissions and averments of the sworn answers of the defendants. The answer admits expressly that plaintiff made the purchase of Pixley, as averred in the complaint, and also avers that plaintiff paid six hundred and fifty dollars of the purchase money. The finding is that Polack made the purchase in the name of plaintiff, and that the money paid was his money. As to the King and Hart titles, the defendant's answer expressly admits that plaintiff made the purchases through Polack, as her agent, and avers that he loaned her the money to pay. The findings on these points are against the averments and admissions of the defendant's answer, because the referee finds that defendant, Polack, purchased these titles in the name of the plaintiff; but paid for them with his own money. Thus, it will be seen, that the referee has found against the sworn admissions of the record, which are conclusive on the defendants. (1 Greenleaf on Ev. Secs. 27, 205; *Mulford* v. *Estudillo*, 32 Cal. 131.)

*John R. Jarboe,* for Respondents.

This Court will not take notice of or review any proceeding, right or wrong, in the Court below, unless that proceeding is embodied or presented in some statement on appeal. (Practice Act, Secs. 338, 333, 195, 346; *Harper* v. *Minor,* 27 Cal. 109.)

If plaintiff had desired to suggest to this Court that the power of the Court below had ceased with the order made by the Judge on September 21st, 1870, and that the vacating order, and the order of December first, was error, he should have made an appeal from the vacating order, and filed a statement setting up the order of twenty-first of September, and the proceedings had in setting it aside, or he should have assigned error in a separate statement on appeal from the order of December 1st, 1870.

On the 21st of September, 1870, the cause was not finally submitted; defendants' brief was not filed, nor due. The argument was not, therefore, closed, and an order disposing of the cause was premature and void. Again, the order was not made by the Court, but was merely filed with the papers, and not copied in the minutes. An order made out of Court without notice, may be vacated without notice.

The answer of the defendants were, in substance, a denial of the fact that plaintiff had purchased the interests in Goat Island with her own money; a denial of any agreement, verbal or written, on the part of J. S. Polack, to convey one half, or any part, of the Geysers to plaintiff; a denial that he had ever put plaintiff in possession of the Geysers, in pursuance of any agreement, or other way, and an allegation on the part of Mrs. Polack, that she had, long before her marriage to defendant, J. S. Polack, and for value, and without notice of any of plaintiff's claims, bought of defendant, J. S. Polack, the Geyser Springs Rancho.

The first finding of the referee is not in conflict with de-

fendants' answer; because while the answer admits the possession by plaintiff, they set up that all the money was advanced by Polack, except in one instance. And in Polack's testimony he swears that all the moneys were his, and that he took the deeds in plaintiff's name because he supposed she would pay him back the money and keep the island.

Admitting the deed to defendant of Goat Island to have been voluntary, as plaintiff says, yet, as the referee finds that plaintiff had no interest in the island, it would not affect the rights of parties either way. If the finding was defective on this point, plaintiff should have moved to correct.

By the Court, CROCKETT, J.:

This cause was tried before a referee, who reported his findings and a judgment in favor of the defendants, which was duly entered; and thereupon the plaintiff moved for a new trial. The motion was argued, and the defendants' counsel was allowed a certain period within which to file a brief in opposition to the motion. Before the time had expired, the Judge, apparently through inadvertence, wrote and signed an order at chambers granting the motion, and filed it with the papers in the cause, and caused it to be noted in the daily rough minute book kept by the Clerk. But when his attention was called to the fact that the order was prematurely made, he rescinded it on the ex parte motion of the defendants' counsel, who was then permitted to file his brief; after which the Court denied the motion, and the plaintiff has appealed as well from the judgment as from the order denying the motion for a new trial.

If we can review this order on the record here presented (a point not necessary to be now denied), I think there was no error in vacating the order upon the facts contained in

the stipulation of counsel. It was prematurely entered, evidently through the inadvertence of the Judge, and before the motion was finally submitted for decision. It had not even gone into the engrossed minutes of the Clerk; and it was the duty of the Court, as soon as its attention was called to the fact, to vacate, of its own motion, an order prematurely made, through its own inadvertence, before the final submission of the motion.

One of the grounds of a motion for a new trial was that the evidence was insufficient to support the findings of the referee; and as to some of the findings this point is well taken. The first finding is directly against the admissions of the answer of Joel S. Polack. In the answer it is explicitly admitted that the several interests of Pixley, King, and Hart, in Goat Island, were purchased by the plaintiff, and that on the purchase of Pixley, she paid, of her own money, the sum of six hundred and fifty dollars; but the answer avers that Polack loaned her the purchase money paid to King and Hart. The first finding is to the effect that all these purchases were made by Polack in the name of the plaintiff, and that he paid all the purchase money out of his own funds. All evidence contrary to the admissions of the pleadings should be disregarded, the admissions being binding on the party. (1 Greenl. Ev. Secs. 27–205; *Mulford* v. *Estudillo*, 32 Cal. 131.) This finding was clearly not justified by the evidence; but it is claimed that this finding is immaterial, in view of the subsequent findings, which, it is said, are decisive of the action. This is doubtless true, if it be conceded that the error into which the referee fell in the first finding had no influence upon his mind in deciding upon the conflicting evidence on the other points in the case. The contest turned mainly on two questions, to wit: First—Whether the consideration of the

CAL. REPS. XLII—29

conveyance from the plaintiff to Polack of her interest in
Goat Island was a promise by the latter to convey to the
plaintiff one half of the Geyser Springs property, or whether
the conveyance was made solely on account of the plaintiff's
indebtedness to Polack for the advances made by him on
the purchase by her of the interests of King and Hart in
Goat Island. Second—Whether Polack put the plaintiff
into possession of the Geyser Springs, in virtue of his verbal
promise, to convey to her one half of the property. On
both these issues the referee found against the plaintiff, on
the erroneous assumption that the plaintiff held the interests
in Goat Island, acquired through Pixley, King, and Hart,
not in her own right, but in trust for Polack, who had pur-
chased the property in the plaintiff's name, and paid for it
with his own money. But if the referee had assumed as
true the admissions of the answer on this point, as he ought
to have done, it might, and probably would, have materially
influenced his judgment in weighing the conflicting evi-
dence on the contested points above mentioned. At all
events, we cannot assume that this error of the referee did
not and could not properly influence his mind in deciding
on the credibility of witnesses, who flatly contradicted each
other as to the most material facts of the case. Assuming
that Polack purchased and paid for the Goat Island prop-
erty, and took the deeds, for his own convenience, in the
plaintiff's name, the referee may well have concluded that
the plaintiff and her daughter were not worthy of credence
when they testified that Polack promised to convey to the
plaintiff one half of the Geyser Springs, in consideration of
a conveyance to him of the mere legal title to the Goat
Island property, of which he was already the equitable
owner. But he might have taken a very different view of
the credit to which they were entitled, and of the probable
truth of their statements, if he had assumed that the plain-
tiff was, in fact, the owner of the Goat Island property,

subject only to a debt of one thousand four hundred and sixty dollars due to Polack for the money advanced on the purchases from King and Hart. The defendant Mary Polack, however, claims to have been a purchaser for value, in good faith, and without notice of the plaintiff's equities of the Geyser Springs prior to her intermarriage with the other defendant. The findings are entirely silent on this branch of the case, and there was no exception to the findings as defective. In such cases the rule is well settled in this Court that we will presume all the facts to have been found which are necessary to support the judgment. We cannot, therefore, disturb the judgment as to Mary Polack.

Judgment affirmed as to the defendant Mary Polack, and reversed as to the defendant Joel S. Polack, and remanded for a new trial as to him.

WALLACE, J., concurring:

I concur in the judgment.