[Sac. No. 759.    Department One.—February 1, 1901.]

P. J. VAN LOBEN SELS, Respondent, v. C. BUNNELL et al., Appellants, and RECLAMATION DISTRICT No. 551, Respondent.

| 131 | 489 |
| 136 | 315 |
| 136 | 316 |

FORECLOSURE OF MORTGAGE—ORDER VACATING SALE UNDER DECREE—JURISDICTION.—The jurisdiction of the court in actions for the foreclosure of a mortgage over the parties and the subject matter continues until the foreclosure is completed by failure to redeem from the sale under the decree; and it has power to vacate an irregular sale before the expiration of the time for redemption, as against the purchaser, who by his bid submits himself to the jurisdiction of the court.

ID.—SALE NOT AUTHORIZED BY DECREE—FORECLOSURE OF PRIOR LIEN—SUBSEQUENT JUDGMENT IN DIFFERENT ACTION.—A sale under the foreclosure of a mortgage, not authorized by the decree which required the payment, first, of a prior lien foreclosed in the action by cross-complaint, and, secondly, the plaintiff's mortgage, but made in pursuance of a subsequent judgment rendered in a different action brought by the wife of the mortgagor, as an alleged homestead claimant, against the sheriff and the prior lienholder, by which a temporary injunction was dismissed and the sheriff was directed to proceed with the sale, and first to pay the plaintiff's mortgage and then to bring the remainder of the proceeds into court, at which sale the mortgagee became the purchaser for the amount only of his debt, is grossly irregular, if not void, and should be set aside.

ID.—INVALIDITY OF SUBSEQUENT JUDGMENT—DECREE OF FORECLOSURE NOT MODIFIED.—The subsequent judgment in the action by the wife of the mortgagor had no validity as against the parties to the foreclosure, and could not properly be regarded as a modification of the decree rendered therein.

ID.—PARTIES TO FORECLOSURE—CROSS-COMPLAINT BY PRIOR LIENHOLDER —FORECLOSURE OF LIEN.—A prior lienholder is a proper, though not a necessary, party to an action to foreclose a mortgage; and when made a party, he may seek the foreclosure of his lien by cross-complaint.

ID.—DEFECTS IN CROSS-COMPLAINT—SERVICE—JURISDICTION.—Defects in the cross-complaint as to parties and service thereof, where all the parties were in court, and their presence is recited in the decree, cannot affect the jurisdiction of the court to foreclose the prior lien asserted therein; nor could jurisdiction be affected by the insufficiency of the cross-complaint, if it alleges the existence of the lien and prays for general relief.

APPEAL from an order of the Superior Court of Sacramento County vacating a sale under a decree of foreclosure. Joseph W. Hughes, Judge.

The facts are stated in the opinion.

H. C. Ross, for C. Bunnell and Elizabeth D. Bunnell, Appellants.

Devlin & Devlin, for Germania Building and Loan Association, Appellant.

H. W. Johnson, for P. J. Van Loben Sels, Respondent.

A. L. Shinn, for Reclamation District No. 551, Respondent.

SMITH, C.—Appeal from an order setting aside a sale of land under a foreclosure decree.

The appellants are the defendants C. Bunnell and the Germania Building and Loan Association, and Elizabeth Bunnell, who is not a party to the suit. The defendant Bunnell derived his title from the plaintiff under a deed reserving a lien for certain moneys, part of the consideration, which is the lien foreclosed. The building and loan association is a junior mortgagee. It answered, setting up its mortgage, but not praying for foreclosure. The Reclamation District No. 551, a defendant,

had a lien for an assessment upon the land, prior to that of the plaintiff, which it set up by answer and cross-complaint. Judgment of foreclosure was rendered directing the sheriff to sell the premises, and out of the proceeds, after retaining his fees, etc., to pay first to the defendant, the reclamation district, the amount due to it (seventeen hundred and seven dollars and forty-one cents), and afterward to the plaintiff the amount due to him (seven hundred and fifty-five dollars and seventy-eight cents), with attorney's fee (one hundred and fifty dollars), and costs. This judgment on the appeal of the building and loan association was affirmed by this court May 20, 1898. (*Van Loben Sels v. Bunnell*, 120 Cal. 680.)

An order of sale on the judgment was issued July 8, 1895, and thereupon the appellant, Elizabeth Bunnell, wife of the defendant Bunnell, claiming the land as a homestead, commenced an action in the same court against the sheriff, Johnson, the plaintiff, Van Loben Sels, and the reclamation district to enjoin the sheriff from selling, and a temporary injunction was issued. The suit was afterward dismissed by the plaintiff as to the defendants Van Loben Sels and the reclamation district, and judgment was rendered November 26, 1898, dismissing the injunction and directing the sheriff to proceed with the sale under the judgment in *Van Loben Sels v. Bunnell et al.*, but further directing him, after retaining his costs, to pay the proceeds first to the plaintiff, Van Loben Sels, and the overplus, if any, into court, thus ignoring the judgment in favor of the reclamation district.

Accordingly, a new order of sale was issued December 20, 1898, referring to the judgment, of which a copy was attached, and the sheriff advertised the property for sale, the notice, so far as material, being as follows:

"Notice is hereby given by F. T. Johnson, sheriff of the county of Sacramento, state of California, that under and by virtue of a judgment rendered by the superior court of the said county, July 8, 1895, in an action therein pending, wherein P. J. Van Loben Sels is plaintiff and C. Bunnell, Germania Building and Loan Association (a corporation), Edward Bunnell, and Reclamation District No. 551 (a corporation), are de-

fendants, which said judgment was rendered in favor of said plaintiff and against said defendants Bunnell and Germania Building and Loan Association for seven hundred and fifty-seven dollars and eighty cents, and one hundred and fifty dollars attorneys' fees, together with expenses and costs in said action, and interest upon said amount of said judgment from the date thereof to the date of sale at seven per cent per annum; and by virtue of an order of sale issued out of said court upon said judgment on the twentieth day of December, 1898, and to satisfy said judgment I will, on Monday, the sixteenth day of January, 1899, at the hour of 10 o'clock A. M., at the front door of the courthouse, at the corner of Seventh and I streets, in the city of Sacramento, California, sell at public auction to the highest and best bidder for cash, in gold coin of the United States, the following described real property, to wit: [describing the property]."

At the sale—which was made on the day and at the place named in the notice—the plaintiff became the purchaser for the amount of his debt, and the proceeds were applied in satisfaction thereof. From the return of the sheriff—to which a copy of the notice with affidavit of service was attached as part—it appears that the sale was made under and in pursuance of this notice. The defendant, the building and loan association, redeemed from the sale, January 23, 1899. Thereafter, May 12, 1899, on the motion of the reclamation district, an order was made by the court May 12, 1899, vacating the sale, which is the order appealed from.

There can be no doubt, I think, of the power of the court to make the order complained of or of the propriety of its exercise. With regard to the power, the jurisdiction of the court in cases of this kind over the parties and the subject matter continues until the foreclosure is completed by failure to redeem, and its jurisdiction extends to the purchaser, who by his bid submits himself to it. (*Requa v. Rea*, 2 Paige, 339; *Cazet v. Hubbell*, 36 N. Y. 677; *Andrews v. O'Mahoney*, 112 N. Y. 567; *Boggs v. Fowler*, 16 Cal. 559.[1])

---

[1] 76 Am. Dec. 561.

The sale involved here was not authorized by the foreclosure decree as rendered, but the sheriff proceeded as though the decree had been modified by the subsequent judgment in the suit of Mrs. Bunnell against him, which as to the parties to the foreclosure suit was of no validity.   It was, therefore, if not absolutely void—a point we need not determine—at least grossly irregular.   Nor can we say that the parties here were not injured thereby; on the contrary the inadequacy of the price for which the land was sold was in all probability the direct result of the error; for under the decree as rendered it would have been to the interest of the plaintiff to bid more than that amount, as the property appears to have been worth more than the amount due to the reclamation district.   So, also, the sheriff seems to have been innocent in this matter; and in reporting the sale not absolutely but for confirmation, he did all that he could do to relieve himself from the contradictory mandates of the court.   It would be unjust to impose upon him a liability to the reclamation district for damages, or at least for the statutory penalty of making the sale without giving the proper notice.

It is claimed, however, by the appellant that the judgment in favor of the reclamation district was void for want of jurisdiction in the court; from which it would follow—assuming the proposition to be correct—that the judgment was in effect merely a judgment in favor of the plaintiff, as it was afterward construed in the injunction suit and by the sheriff; and hence that in fact no mistake was made by the sheriff in the sale.   The grounds of this contention are that the prior lien of the reclamation district could not be litigated in the suit, and that the cross-complaint was insufficient to give the court jurisdiction to foreclose the lien of the district.   On the latter point the objection is that no defendants are named in the cross-complaint, that none were served except the plaintiff, and that the averments of the cross-complaint were insufficient to constitute a cause of action.   But none of these defects if they exist could affect the jurisdiction of the court.   Who the defendants are sufficiently appears from the title of the case and the allegations of the cross-complaint.   It does not appear that the co-

defendants of the cross-complainant were not served, but only that the plaintiff was served, and the presence of the attorneys of the parties is recited in the decree. Nor could the failure to serve one of the parties affect the question of jurisdiction; for they were already in court and subject to its jurisdiction. Nor could the jurisdiction of the court be affected by the insufficiency of the cross-complaint to state a cause of action. The cross-complaint alleged the existence of a lien for assessment and prayed for general relief. This was sufficient to identify the subject of the action and to give the court jurisdiction. (*Blondeau v. Snyder*, 95 Cal. 523; *In re James*, 99 Cal. 376[2]; *Edwards v. Hellings*, 103 Cal. 206, 207.) The only irregularity that clearly appears is that the same attorney, according to the recitals in the judgment, appeared for the cross-complainant and the defendant Bunnell. This, if the latter admitted the lien of the former, was not improper. As far as can be judged from the record this was in fact the case, and, indeed, the claim of the reclamation district seems to have been admitted by all the parties. For no objection was made to the judgment or appeal taken by one of the defendants; and, by the other, who did appeal, no attack was made on this part of the judgment.

With regard to the other objection, there is no doubt of the jurisdiction of the court to adjudicate the claims of a prior encumbrancer if made a party. (*Beronio v. Ventura County Lumber Co.*, 129 Cal. 232.[3]) Such encumbrancers are not necessary parties, but they are always proper parties, and it is good practice to join them for the purpose of liquidating their claims. (*Heimstreet v. Winnie*, 10 Iowa, 430; Story's Equity Pleadings, sec. 193; Jones on Mortgages, sec. 1439; *M'Comb v. Spangler*, 71 Cal. 424; *Johnston v. San Francisco Sav. Union*, 75 Cal. 140, 141.[4]) Whenever the prior encumbrancer is made a party, it is his right to file a cross-complaint to foreclose his lien. (*First Nat. Bank v. Salem Flour Mills Co.*, 12 Saw. 490.)

The order appealed from should be affirmed.

Cooper, C., and Haynes, C., concurred.

[2] 37 Am. St. Rep. 60.          [4] 7 Am. St. Rep. 129.
[3] 79 Am. St. Rep. 118.

For the reasons given in the foregoing opinion the order ap-
pealed from is affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.

Hearing in Bank denied.