[S. F. No. 2071.   Department One.—April 28, 1902.]

## MOSES L. RODGERS, Respondent, v. S. WEBBER PARKER et al., Defendants. FRANK L. PARKER, Appellant.

FORECLOSURE OF MORTGAGE—CROSS-COMPLAINT—SERVICE OF PROCESS UPON CO-DEFENDANTS—CONTINUANCE.—In an action to foreclose a mortgage, a defendant who has set up an alleged prior mortgage in a cross-complaint, in the answer to which the plaintiff prayed that the alleged mortgage be decreed paid and satisfied, is not entitled to a continuance of the trial of the cause upon the ground that co-defendants who had been served with summons by the plaintiff had not been served with process as necessary parties to the cross-complaint.

ID.—SERVICE OF CROSS-COMPLAINT.—The only mode of serving defendants to the cross-complaint who are co-defendants served with the original summons in the action, and of whom the court had acquired jurisdiction, is to serve the cross-complaint upon them in the manner required by law; and no summons is necessary upon such cross-complaint.

ID.—REFUSAL OF CONTINUANCE—DELAY IN SERVICE—ABSENCE OF DILIGENCE.—Where the cross-complainant gave no excuse for delay in serving the cross-complaint upon the co-defendants, and made no showing of diligence, the court was warranted in refusing the application for a continuance of the trial of the issues joined between the cross-complaint and the plaintiff's answer thereto.

ID.—JURISDICTION TO DETERMINE ISSUES—APPEAL BY CROSS-COMPLAINANT.—The court had jurisdiction to determine the issues made by the cross-complaint and the answer of the plaintiff thereto, in the absence of service of the cross-complaint upon the other defendants, so far as concerns the rights of the parties upon an appeal by the cross-complainant from a judgment in favor of the plaintiff against the cross-complainant.

ID.—DISMISSAL OF CROSS-COMPLAINT—ANSWER OF PLAINTIFF—AFFIRMATIVE RELIEF.—The cross-complainant could not dismiss his cross-complaint after the filing of the answer of the plaintiff thereto seeking the affirmative relief of a decree that the mortgage therein set forth be adjudged paid and satisfied.

ID.—SATISFACTION OF PRIOR MORTGAGE—DEED OF PREMISES—ASSIGNMENT—NOTICE.—Where it was agreed that the prior mortgage set up in the cross-complaint should be extinguished immediately on the making of a deed of the premises to an assignee of the mortgage, the effect of such deed as payment of the mortgage could not be invalidated by a recorded assignment of the mortgage from said assignee to the cross-complainant, of which the grantor of the deed had no actual notice.

APPEAL from a judgment of the Superior Court of Mariposa County and from an order denying a new trial. John M. Corcoran, Judge.

The facts are stated in the opinion.

William H. Chapman, for Appellant.

James F. Peck, for Respondent.

GRAY, C.—This action was brought by plaintiff against S. Webber Parker to foreclose a mortgage given by the latter to plaintiff to secure three notes for the principal sum of sixteen thousand dollars each. The property affected by the mortgage had been sold by the plaintiff to said S. Webber Parker, and said notes and mortgage represented a part of the purchase price thereof. Frank L. Parker, Frank Olcese, the Hornitos Gold Mining Company (a corporation), and W. E. Holbrook were made defendants in the action, and the complaint alleges as to these parties that they "have, or claim to have, some interest in or lien on the property in question; and that said interest or lien is subsequent to and subject to the plaintiff's said mortgage." Judgment by default went against all the defendants except the appellant. The appellant answered the complaint, denying that his lien was subsequent to plaintiff's, and in a cross-complaint set up a mortgage on the same property described in the complaint, of date prior to plaintiff's mortgage, executed by plaintiff and defendant Olcese to one S. Nickelsburg, to secure the payment of a note between the same parties for the principal sum of $6,117.18, which said note and mortgage was alleged to have been duly assigned to S. Webber Parker, and thereafter by the latter to the appellant, Frank L. Parker. In this cross-complaint appellant prayed that the property be sold and the first proceeds of the sale applied to the satisfaction of cross-complainant's note, mortgage, costs, and counsel fee of one thousand dollars. The plaintiff answered the cross-complaint, and, in addition to denials of the allegations thereof, pleaded payment of the cross-complainant's note and mortgage, and that said payment was accomplished by an agreement between plaintiff and S. Webber Parker, to the effect that the extinguishment of said note and mort-

gage was a part of the consideration for the said conveyance
of the property in question by plaintiff to said S. Webber
Parker. In his answer the plaintiff prayed that the court
decree that the note and mortgage mentioned in the cross-
complaint are fully paid, satisfied, and discharged, and that
the same are no longer liens upon the lands or any part
thereof described in plaintiff's complaint. On the issues
thus framed the case was, on September 17, 1898, set for trial
with the consent of appellant for the fifteenth day of October,
1898, when it was tried before the court without a jury,
and judgment given in accordance with the prayer of plain-
tiff's answer to the cross-complaint. When the case was called
for trial the appellant moved for a continuance on the ground
that the necessary parties to his cross-complaint—Frank
Olcese and the corporation defendant—had not then been
served with process.

1. The order of the court denying said motion is assigned
as error, and constitutes the first ground urged for reversal
of the judgment and order denying appellant a new trial.
We think the ground assigned for this motion was not well
taken, for the reason that it was not necessary for appellant
to serve process on his co-defendants. They were parties to
the action, and had been duly served with summons by plain-
tiff, and the court had jurisdiction of their persons in the
action, and all that was necessary to make them parties to the
cross-complaint was service on them of such cross-complaint
in the manner provided by law. No summons was necessary.
(Code Civ. Proc., sec 442.) The appellant seems to have
had plenty of time and opportunity to serve his cross-com-
plaint if he desired to do so, and he gave the trial court no
excuse for his delay in the matter and made no showing of
diligence. The court was therefore warranted in refusing
the continuance. There can be no question that the court had
jurisdiction to determine the issues made by the cross-com-
plaint and respondent's answer thereto in the absence of
service on the other defendants, so far at least as the rights
of the parties to this appeal were concerned. (*Van Loben
Sels* v. *Bunnell,* 131 Cal. 489.)

2. Nor do we think the appellant had the right to dismiss
his cross-complaint, as he attempted to do, against the objec-
tion of respondent, who had answered, showing that he was

entitled to affirmative relief, and praying that the same be granted as to the mortgage and note set up in said cross-complaint. While the appellant's rights under his alleged prior mortgage were perhaps not matters necessary to be litigated in the foreclosure of respondent's mortgage, and perhaps appellant could not have been compelled in the first instance to submit those rights to judicial determination in this action, yet it appears that he did voluntarily submit them to the jurisdiction of the court in filing his cross-complaint, and the respondent having answered the same, the alleged prior lien was then a proper subject to be disposed of in the action. (*Van Loben Sels* v. *Bunnell,* 131 Cal. 489; *Beronio* v. *Ventura County Lumber Co.,* 129 Cal. 232.[1]) Being properly before the court with his cause of action, the cross-complainant was in the same position with reference to the right to dismiss as if he were an original plaintiff, and could not under the circumstances dismiss without the consent of the party who had prayed affirmative relief as to the matters contained in the cross-complaint. (Code Civ. Proc., sec. 581; *Islais etc. Water Co.* v. *Allen,* 132 Cal. 432.)

3. Appellant's remaining contention is, that the evidence failed to show that his note and mortgage had been paid. It was agreed between respondent and S. Webber Parker, as to this matter, "that all liability on the part of said Rodgers as to said note and mortgage shall be deemed extinguished immediately on the making of the deed by said Rodgers." The deed of the premises was subsequently made by Rodgers to S. Webber Parker in accordance with this agreement, and at that time, as well as at the date of the agreement quoted from, the mortgage and note had been assigned to and were in the possession of the said S. Webber Parker, and were, so far as the respondent's rights are concerned, paid off and extinguished when the deed was so made. For the effect of this deed as payment could not be defeated or invalidated by the previously recorded assignment of the note and mortgage to Frank L. Parker, the evidence showing, as it does, that Rodgers had no actual notice of said assignment. (Civ. Code, sec. 2935.) Whether the note and mortgage are yet valid for any purpose against Olcese, who

---

[1] 79 Am. St. Rep. 118.

executed them jointly with respondent, is not a matter that concerns us here, for Olcese is not a party to this appeal.

The judgment and order should be affirmed.

Smith, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.