[Civ. No. 401.　First Appellate District.—December 24, 1907.]

THEO. S. HORN, Appellant, v. A. S. MARTINHO, Respondent.

MECHANIC'S LIEN—EXTRA LABOR AND MATERIALS—GENERAL FINDING—ADMISSION OF ANSWER—ERRONEOUS JUDGMENT.—In an action to foreclose a mechanic's lien for the reasonable value of materials and labor performed in extra work in the construction of defendant's building, of the reasonable value of $217.50, where the answer alleged that the reasonable value of the extra work for which no price was agreed was the sum of $47.25, and no more, a general finding that all of the allegations of the complaint are untrue cannot entitle the defendant to judgment, the plaintiff being entitled to at least a judgment in the sum of $47.25, on the admission of the answer, which no evidence could be received to contradict; and a judgment for the defendant is erroneous, and must be reversed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.　J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

T. Barna McKinne, for Appellant.

Danforth & Lansburgh, for Respondent.

HALL, J.—This is an appeal by plaintiff from a judgment in favor of defendant, and from an order denying plaintiff's motion for a new trial.

Plaintiff sued to recover judgment for the sum of $217.50, as the reasonable value of labor and materials furnished in doing extra work on a building constructed by plaintiff for defendant, and to foreclose a mechanic's lien therefor.　Defendant in his answer does not deny that extra work was done on the building, but denies that no price was agreed upon therefor, but in this regard alleges that for a portion of said extra work it was specifically agreed that the price should be $129.-55, "and that the reasonable value of the work performed and

materials furnished at the special instance and request of said Martinho, on said building, termed in said paragraph VII 'extra work,' and on which there was no agreed price, was and is the sum of $47.25 and no more.''

Upon the trial of the issues presented in the action, plaintiff was called as a witness in his own behalf, and while being examined concerning the work alleged to have been done, testified that he performed certain extra work and several things that he did not remember, and in answer to a question as to what was the value of the work that he did remember, he testified that he could not tell offhand. Whereupon the court ordered him to leave the stand, and at once ordered judgment for the defendant. Counsel for plaintiff protested at the action of the court, and not only stated that the answer admitted some things, and that he could prove by other people and the foreman of plaintiff the value of the extra work, but nowhere does it appear that he expressly reserved an exception to the action of the court.

However, the judgment must be reversed without regard to the question of exceptions reserved.

The court found all the allegations of the complaint to be untrue, and gave judgment for defendant; but this finding is contrary to the admission of the answer hereinbefore set forth, and the judgment is for the same reason erroneous as not supported by the pleadings. The admission that extra work had been performed, for which no price had been agreed, of the value of $47.25, would support a judgment for that amount at least, and no evidence could be received to contradict this admission. (*Hall* v. *Polack*, 42 Cal. 218; *Mulford* v. *Estudillo*, 32 Cal. 131.)

Judgment and order are reversed.

Cooper, P. J., and Kerrigan, J., concurred.