### ATLANTIC & V. FERTILIZING CO. v. CARTER et al.[1]

(Circuit Court, E. D. Virginia. July, 1882.)

REMOVAL OF CAUSES—SEPARABLE CONTROVERSY.

The provision in Rev. St. § 639, allowing the removal of a part only of a suit, was repealed by the act of March 3, 1875, § 2. which provides for the removal of the whole suit when there is a separable controversy, the parties to which have a right of removal.

This was a creditors' bill filed in the circuit court of Loudon county. Va., by the Atlantic & Virginia Fertilizing Company, in behalf of itself and such other lien creditors of Benjamin F. Carter as might choose to come in. The defendants were Benjamin F. Carter, Rebecca M. Carter (his wife), Edward Nichols (substituted trustee), B. P. Noland (trustee), the Virginia Marble Company, Phœbe Hoge, and R. H. Dulaney.

The purpose of the bill was to ascertain the liens on a tract of some 400 acres of land belonging to the defendant Carter, and to procure a sale thereof for the satisfaction of the same. The bill showed that, besides various liens therein set out, the defendants Carter and wife had executed a deed conveying to the defendant the Virginia Marble Company all the marble, sandstone, etc., contained in the said tract, with a perpetual right of entry thereon for the purpose of quarrying and removing the same, subject, however, to a defeasance or forfeiture of said rights on the abandonment of the work by the said company, and its failure to prosecute the same for two years consecutively. The bill charges that a forfeiture had occurred by default of the said company for the period specified.

In April, 1881, complainant filed an amended bill, making one William Wright a party defendant, and alleging that he claimed to have an interest in and possession of about 100 acres of the said land under a deed of lease from the Virginia Marble Company. The amended bill asked that the rights of both the Virginia Marble Company and Wright, as its lessee, be declared forfeited, that possession of the lands be surrendered to Carter, and that the same be sold, as prayed in the original bill, free from any claims of the lessee and sublessee. After further proceedings in the cause, the defendant Wright on May 1, 1882, filed a petition and bond for the removal of the cause to the proper federal court, alleging that he was a citizen of Indiana, and that the other parties to the suit were citizens of Virginia, that he had expended fully $25,000 on the property, and that the suit could be determined, so far as concerned his rights, without the presence of the other defendants. The petitioner prayed "that the said suit, so far as your petitioner's rights are involved, may be removed for trial into the circuit court of the United States for the Eastern district of Virginia; * * * such removal being in pursuance of section 639 of the Revised Statutes of the United States," etc. This petition was granted by the state court, and that part of the cause involving the petitioner's rights was accordingly removed into this court. The matter is now heard on complainant's motion to remand. In support of the motion it was contended (1) that Wright, being but a subtenant, was bound, on common-law principles, by the acts and forfeitures of his landlord, the Virginia Marble Company, and could have no standing in court independently of it, and that the question whether a forfeiture had been incurred was still in the state court; (2) that Rev. St. § 639, was no longer in force, so as to authorize the removal of part only of a suit.

C. P. Janney, for petitioner.

John M. Orr and Payne & Alexander, for complainants.

---

[1] This case has been heretofore reported in 4 Hughes, 217. and is now published in this series, so as to include therein all circuit and district court cases elsewhere reported which have been inadvertently omitted from the Federal Reporter or the Federal Cases.

HUGHES, District Judge. I do not think the first point of complainant is well taken. This is a court of equity. The original suit is a cause in equity, and the part of it now here is a controversy in equity. The petitioner, Wright, has, by concession, expended $25,000 in developing a quarry on the 100-acre tract which he claims to have leased. If there is any forfeiture, it is through his laches. Under such circumstances, objections to a proceeding which are merely technical, and founded upon old principles of the common law, will not be heard to defeat the right of this court to a jurisdiction conferred by law, or the right of a nonresident to remove his controversy to this tribunal, if authorized to do so by express statutes of the United States. But I do not think the controversy is properly here. That part of the act of congress which was passed in 1866, and which now stands as section 639 in the Revised Statutes, is no longer in force, to authorize the removal of a part only of a suit from a state into a federal court, leaving the remainder in the court in which it originated. It was in that respect repealed by the second clause of the second section of the jurisdictional act of March 3, 1875, which authorizes the removal of the whole suit in any case in which there is a controversy to which citizens of different states are parties actually interested. See Supp. Rev. St. p. 174. This meaning seems apparent enough from the tenor of the clause. But, if it were before doubtful, the language of the supreme court of the United States in Barney v. Latham, 103 U. S. 212, settles the question, which was as follows:

"While the act of 1866 in express terms authorized the removal only of the separable controversy between the plaintiff and the defendant or defendants seeking such removal, leaving the remainder of the suit, at the election of the plaintiff, in the state court, the act of 1875 provided, in that class of cases, for the removal of the entire suit. That such was the intention of congress is a proposition which seems too obvious to require enforcement by argument. While the act of 1866 expressly confines the removal to that part of the suit which specially relates to or concerns the defendant seeking the removal, there is nothing whatever in the act of 1875 justifying the conclusion that congress intended to leave any part of a suit in the state court where the right of removal was given to, and was exercised by, any of the parties to a separable controversy therein. Much confusion and embarrassment, as well as increase in the cost of litigation, had been found to result from the provision in the former act permitting the separation of controversies arising in a suit, removing some to the federal court, and leaving others in the state court, for determination. It was often convenient to embrace in one suit all the controversies which were so far connected by their circumstances as to make all who sue or are sued proper, though not indispensable, parties. Rather than split up such a suit between courts of different jurisdictions, congress determined that the removal of the separable controversy, to which the judicial power of the United States extended, should operate to transfer the whole suit to the federal court."

So, also, in Hyde v. Ruble, 104 U. S. 407, the supreme court expressly held that section 639 was repealed by the act of March 3, 1875.

Pursuant to this authoritative exposition of the effect of that clause of the act of 1875 which has been alluded to, the motion to remand must be granted, and that part of the suit which is here be remanded to the state court.