### CORBIN *v.* BOIES and others.

*(Circuit Court, N. D. Illinois. June, 1883.)*

1. REMOVAL OF CAUSE—THE RULING IN BARNEY *v.* LATHAM.

*Barney* v. *Latham,* 103 U. S. 205, followed, where it is *held* that under the second clause of the second section of the act of March 3, 1875, c. 137, (18 St. pt. 3, p. 470,) when in any suit mentioned therein there is a controversy wholly between citizens of different states, which can be fully determined as between them, then either one or more of the plaintiffs or the defendants actually interested in such controversy may, on complying with the requirements of the statute, remove the entire suit.

2. SAME.

The right to remove depends upon the case as disclosed by the pleadings when the petition for removal is filed, and is not affected by the fact that a defendant who is a citizen of the same state with one of the plaintiffs may be a proper, but not an indispensable, party to such a controversy.

In Equity.

*W. J. Manning* and *McClellan & Cummins,* for complainant.

*Flower, Remy & Gregory* and *J. Edwards Fay,* for defendants.

DRUMMOND, J. Boies, Fay & Conkey were wholesale grocers engaged in business in Chicago, and Julius K. Graves became a special partner, under the law of this state, in the sum of $50,000, contributed to the capital of the firm. The firm was unsuccessful and became insolvent, and the plaintiff, a citizen of Massachusetts and a creditor of the firm, filed a bill in the state court alleging that various provisions of the laws relating to special partnerships had been violated by the firm; among other things, charging that judgments in favor of various individuals and corporations were confessed for more than was due, upon which executions had been issued, and the property of the firm taken. The First National Bank of Chicago, the bill alleged, had obtained a judgment on which execution had been issued by a wrongful preference given by the firm. The bill also alleged

that preferences were given in favor of citizens of Massachusetts. The First National Bank of Chicago filed a petition in the state court, and gave a bond praying for the removal of the cause to this court under the act of 1875, alleging that there was a controversy which was wholly between the plaintiff and the First National Bank, and which could be fully determined as between them. The parties now come before the court, and the plaintiff raises the question whether the case was removable under the statute. There was no issue formed in the state court, and therefore the question must be decided upon the bill and the petition of the First National Bank, and it seems to me there can be no doubt but that there is a controversy which is wholly between the plaintiff and the bank; that is to say, whether the judgment was a valid judgment as against the firm, and the plaintiff as one of its creditors. The bank is not interested in any controversy which the plaintiff may have with other judgment creditors of the firm. Its position is that the judgment in favor of the bank is valid, irrespective of what may be true of any other claim or judgment.

It is objected that there are other defendants who are citizens of the same state with the plaintiff, and if the court takes jurisdiction of the case and of the various controversies which arise, it must decide controversies between citizens of the same state. That may be true, but the supreme court of the United States has decided, in *Barney* v. *Latham*, 103 U. S. 205, that in a case like this the applicaton for removal takes with it to the federal court the whole case, and therefore the controversies between the plaintiff and the citizens of Massachusetts, who are defendants with others, must also come into this court. This being in the nature of a creditor's bill, which charges illegal and fraudulent acts affecting the rights of the plaintiff against different individuals of different states and different corporations, it can hardly, therefore, be considered a case where the different controversies are so far separated as that one can be removed without the others. In *Barney* v. *Latham* one of the objections taken to the removal of the case was that the Winona & St. Peter Land Company, one of the defendants, was a corporation of Minnesota, of which state one of the plaintiffs was a citizen; and the court held, notwithstanding that fact, the cause was removable, at the same time saying that to the other controversies in the case, independent of the one which authorized the removal, the land company was not an indispensable party, although it might be a proper party. That is true in this case. The citizens of Massachusetts who are made defendants may be proper parties, but they are not indispensable parties, to the controversy between the plaintiff and the First National Bank of Chicago. The bill might have been filed by the plaintiff against the members of the firm and the bank, without making the other defendants parties. And then the defendants, citizens of Massachusetts, have not been served with process, and never may personally appear in the case.

The only question there can be, therefore, in this case, is whether congress had the power to authorize the removal of a cause where there was one controversy between citizens of different states, and another between the plaintiff and some defendants who were citizens of the same state with him. No question seems ever to have been made by the courts as to the right of congress to pass such a law, and therefore I think the court will order the transcript to be filed and the case to be docketed in this court.

See *City of Chicago* v. *Hutchinson,* 15 FED. REP. 129.