MAHON v. SOMERS et al.

(Circuit Court, N. D. Ohio, E. D.   April 15, 1901.)

REMOVAL OF CAUSES—DIVERSITY OF CITIZENSHIP—JOINDER OF UNNECESSARY
PARTIES.

   Plaintiff brought an action in a state court against a domestic part-
nership and a corporation of another state to recover damages for breach
of contract.   The petition alleged that plaintiff contracted with the part-
nership for a quantity of coal for future delivery; that after part per-
formance the partnership was absorbed by the corporation, which as-
sumed the contract with plaintiff's consent; that after making some
deliveries thereunder the corporation repudiated the contract, and re-
fused further performance when demanded.   A second count alleged
that such refusal was due to a combination between the corporation
and others to enhance the price of coal, in violation of a state statute, by
the provisions of which plaintiff was entitled to recover punitive dam-
ages.   *Held*, that the petition stated but a single cause of action, which
was the breach of the contract; that the statute pleaded did not affect
the character of the action, which remained a civil action for damages,
but merely enhanced the damages recoverable; that by reason of the
novation pleaded the members of the partnership were not necessary nor
proper parties, and the cause was removable by the corporation defend-
ant.[1]

On Motion to Remand to State Court.

Foran, McTighe & Baker, for plaintiff.
Squire, Sanders & Dempsey, for Pittsburgh Coal Co.

WING, District Judge.   In this suit the cause of action disclosed
by the petition is a contract entered into between the plaintiff and
J. H. Somers and C. W. Somers, trading and doing business as the
J. H. Somers Fuel Company, a partnership, for the delivery by the
latter of a certain amount of coal at a stipulated price; that after
such contract had been to a certain extent performed, the Pittsburgh
Coal Company, a corporation and a citizen of the state of Pennsyl-
vania, assumed the further performance of the contract, by and
with the assent of the plaintiff.   The petition states that the plain-
tiff "was informed that from and after this 1st day of November,
1899, the contract entered into by and between him and J. H.
Somers Fuel Company would be assumed, carried out, and exe-
cuted by the Pittsburgh Coal Company, which had absorbed J. H.
Somers Fuel Company, succeeded to all its rights and properties,
and assumed all of its contracts and obligations; and the plaintiff
says that he assented to the assumption of his contract by the Pitts-
burgh Coal Company," and that thereafter the Pittsburgh Coal Com-
pany shipped a certain amount of coal, in accordance with the terms
of said contract; that on November 11, 1899, the Pittsburgh Coal
Company repudiated the said contract, and refused to perform it,
and denied that they were bound thereby; and that although the
plaintiff has frequently requested the defendants, the Pittsburgh
Coal Company and J. H. Somers Fuel Company, to carry out the

   [1] Diverse citizenship as ground of federal jurisdiction, see notes to Shipp
v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298; Emigra-
tion Co. v. Gallegos, 32 C. C. A. 479, par. v.

contract, they have refused; and plaintiff says that he is informed and believes that the J. H. Somers Fuel Company informed the Pittsburgh Coal Company of its contract with this plaintiff, and that the Pittsburgh Coal Company assumed and accepted the contract of the J. H. Somers Fuel Company as its own contract with this plaintiff, and that, after partly performing, it has refused further to perform. It is further stated in the petition that, by reason of this refusal to furnish him coal, he was obliged to buy coal in the market at a higher price than that named in the contract, to fulfill obligations which he had entered into upon the faith that such original contract would be kept and performed.

These allegations disclose that a contract existed between the plaintiff and the Pittsburgh Coal Company by novation. The original contract between the plaintiff and the J. H. Somers Fuel Company was assumed by the Pittsburgh Coal Company with the assent of the plaintiff. This would operate as a release of the J. H. Somers Fuel Company. The right of action, then, would be for damages for the failure of the Pittsburgh Coal Company to do that which it was bound to do by the contract.

As a second cause of action, it is alleged that the breach of the contract to deliver coal, sued upon, was occasioned by a combination entered into by the defendants and others for the purpose of enhancing the price of coal, and that, by reason of the acts of the defendants, the plaintiff is entitled to recover more than compensatory damages, in accordance with the terms of an act of the legislature of the state of Ohio of April 19, 1898. There is but a single cause of action set forth in the whole petition, to wit, the breach of a contract to deliver coal, and resultant damage. The right, whether by common law or by statute, to recover punitive damages, does not deprive the case of its character as an action of a civil nature. So far as the statute referred to affects this case, it is only to prescribe a different measure of damages recoverable by one injured. J. H. Somers and C. W. Somers, doing business as the J. H. Somers Fuel Company, are neither necessary nor proper parties, as appears by the allegations of the petition. At all events, the first cause of action set forth is a separable cause of action, in which the Pittsburgh Coal Company is alone concerned as defendant. The fact that by the second cause of action there is attempted to be recovered a greater amount of damages than could be recovered in the absence of the statute does not prevent removal.

The motion to remand is overruled.