UNITED STATES et al. v. O'BRIEN et al.

(Circuit Court, D. Washington, W. D. September 24, 1903, and February 6, 1904.)

No. 849.

INDIANS (§ 10*)—LANDS—DISCLAIMER OF TITLE BY STATE.

Under the provision of Const. Wash. art. 26, by which the state forever disclaimed "all right and title * * * to all lands * * * owned or held by any Indian or Indian tribes," the state has no title, and can convey no right, to any of the shore lands surrounding Squaxon Island, which prior to the admission of the state had been set apart by treaty as a reservation for the Squaxon Indians and was then actually used and occupied by them, including the beach and shore.

[Ed. Note.—For other cases. see Indians, Dec. Dig. § 10.*]

In Equity.

This suit was instituted by the government of the United States, jointly with a number of Indians as complainants, for an injunction to restrain vendees of the state of Washington from interfering with the Indians in their occupancy and use of the shore of an island which, by a treaty made with the Indians, was designated as an Indian reservation. The suit was defended by the state of Washington. A demurrer to the bill of complaint was overruled. Thereafter the case was submitted on the bill and answer, and a decree was rendered in favor of the complainants.

P. C. Knox, Atty. Gen., Wilson R. Gay, U. S. Dist. Atty., and Edward E. Cushman, Asst. U. S. Dist. Atty.

J. W. Robinson, for defendants.

W. B. Stratton, Atty. Gen., for intervener.

On Demurrer to Bill of Complaint.

HANFORD, District Judge. It is my opinion that the whole of the Squaxon Island was lawfully reserved for the use of the Indians, and that by the treaty referred to in the bill of complaint, and the laws of the United States, it has always been unlawful for white men to reside upon or occupy any part of said island. The Indians, for whose use the island was reserved, used and occupied the entire island, including the beach and shore, at the date of the enabling act and the adoption of our state Constitution, and by the terms of the enabling act, and the compact between the people of this state and the United States government, contained in the Constitution, this state entirely disclaimed "all right and title * * * to all lands

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

* * * owned or held by any Indian or Indian tribes." This disclaimer applies not only to lands owned by the Indians, whether patented or unpatented, but also to all lands held—that is to say, occupied and used—by individual Indians or by tribes.

It is my opinion that the proposed sale of a rim encircling this island reservation is not only an injustice to the Indians, but an unwarranted exercise of power by officers of the state government, and that the defendants have acquired no rights whatever by virtue of the contracts under which they claim.

Demurrer overruled.

On Motion for Judgment on the Bill of Complaint and Answer.

All of the defendants have joined in an answer to the bill of complaint herein, which answer contains a full and candid admission of all of the facts set forth in the bill of complaint which in the opinion of the court are material. By denial of knowledge or information sufficient to form a belief, the answer makes an issue as to whether the Squaxon Indians have worked or cultivated oyster beds or clam beds in tide waters surrounding the island; but I hold that it is immaterial whether the Indians did or did not work or cultivate oyster beds or clam beds, since enough is admitted to make certain that the Indians by their continued exclusive possession and use of the whole island held and claimed the same at the time of, before, and since the adoption of the Constitution of the state of Washington.

Upon consideration of the bill and answer, it is the opinion of the court that the complainants are entitled to a decree for the relief prayed for in full, and the court directs that a decree be prepared accordingly.