Sullivan,
April 2, 1907.

### ROBERTS *v.* CLAREMONT RAILWAY & LIGHTING CO.

Adjacent riparian proprietors are joint owners of the right to divert the stream for power purposes, and either may have the water divided and his share thereof assigned in severalty, if such division can be effected with-out unreasonably interfering with the other's rights.

A common owner of the right to use a stream for power purposes is bound to account to his cotenants for their equitable portion of the benefit derived by him from a use of their share of the water.

PETITION, for an injunction. Transferred from the May term, 1906, of the superior court by *Wallace*, C. J.

The case is the same as that reported in 73 N. H. 121. After the decision in *Claremont etc. Co.* v. *Putney*, 73 N. H. 431, the plaintiff filed a motion in the superior court, asking that the defendants be enjoined from drawing water from Sugar river through their canal, and that the amount he is entitled to recover from them because of their use of his share of the water be determined; and the defendants filed a motion in the nature of a petition for partition, alleging that the parties are common owners of the right to use the water of the stream which divides their land and that the defendants can use their share most advantageously by drawing it through their canal, and praying the court to divide the water in a way that will permit such use by them.

After a hearing on the motions, the court found the following facts: The parties have been the common owners of a waterfall on Sugar river since 1902. The defendants own the land on both sides of the river above the fall, and the plaintiff is the owner of land on both sides below the fall. The interest of each party in the water is that incident to the ownership of the opposite banks of the stream. Prior to August 1, 1903, the defendants built a dam across the river on their land above the fall, by means of which they are enabled to divert all the water ordinarily flowing in the stream through a canal to their power-house, and return it to the stream just above the point where the plaintiff owns the land on both sides of the river. When the defendants begun to build the dam they supposed their charter authorized them to take the water; but they knew before the dam was used (August 1, 1903) that the plaintiff disputed their right, and they have continued the use since it was decided that they had no such right. The plaintiff had no use for the water, and the only loss he has sustained because of the defendants' action is that incident to their invasion of his legal right. The defendants begun to use the water on August 1, 1903, were using it at the time of the hearing, and have received a benefit of $500 a year from their use of the plaintiff's share.

The court denied the defendants' motion and enjoined them from drawing water from the river through their canal, except for the use of their steam plant, and assessed the plaintiff's damages at one dollar. The defendants excepted to the denial of their motion and to the injunction, and the plaintiff to the assessment of damages.

*Herman Holt* and *Streeter & Hollis*, for the plaintiff.

*Frank H. Brown* and *John M. Mitchell*, for the defendants.

YOUNG, J.   The plaintiff is trying to prevent the defendants from using their share of the water without his consent, even if that may be done without trespassing on his land or interfering in any way with his making a like use of his share of the water, and they are seeking to avoid paying for the benefit they have received from their use of his share.   The rule that riparian proprietors have a right " to insist that the stream shall continue to run *uti currere solebat* " ( *Tillotson* v. *Smith*, 32 N. H. 90), on which the plaintiff seems to rely, is subject to the limitation that the owners of the land through which it runs may divert it from its channel for any lawful use, provided they do not detain the water unreasonably, do not overflow the land of the next upper proprietor, and return it to its channel above the land of the next lower proprietor in substantially the same condition as when it reached their land.   Ang. Wat., *ss.* 90–95.   So if the plaintiff and the defendants elect to do so, they lawfully may divert the whole of the water from the river, if they return it to its channel above the land of the next lower proprietor; in other words, they are the joint owners of the right to divert the water for power purposes. The question raised by the defendants' exception to the dismissal of their motion, therefore, is whether they have a legal right to have the water divided and their share assigned to them in severalty, if that can be done without unreasonably interfering with the plaintiff's rights.   It is clear they have such a right if the same rule is to be applied to both improved and unimproved water powers; for it is settled that the court has power to make such orders in respect to the way the several owners shall exercise their rights in the common property as will be for the best interest of each of them, in so far as that can be done without any unreasonable interference with the rights of the others.   *Conn. River Lumber Co.* v. *Company*, 65 N. H. 290, 390.   Consequently, the defendants should be permitted to draw one half the water from the river above the plaintiff's land, if that would be a reasonable exercise of their right to use the water and can be done without injury to the plaintiff.   *Horne* v. *Hutchins*, 71 N. H. 128; *Fowler* v. *Kent*, 71 N. H. 388; *State* v. *Sunapee Dam Co.*, 70 N. H. 458; *Blanchard* v. *Baker*, 8 Me. 253,—23 Am. Dec. 504; *Patten Paper Co.* v. *Company*, 70 Wis. 659; Ang. Wat., *ss.* 98–101.   It is obvious that it can ; for if the defendants are ordered to make a spill-way in their dam or to maintain a head-gate to their canal which will cause half of the water to return to the river above the plaintiff's land, and he is permitted to attach a dam to the defendants' land or to adopt some other means by which he can exercise his rights as fully and completely as though they were not permitted to divert their share of the water from the stream, he will have no

cause for complaint. Consequently, there should have been a decree for the defendants, dividing the water upon condition that they permit the plaintiff to attach a dam to their land, or to adopt some other course which will make the use of his right practicable, whenever he desires to do so in order to use his share of the water for any lawful purpose.

Although the owners of the land are not, strictly speaking, the owners of the water which flows in a natural channel over it, nor is the owner of either bank the owner of that part of the water which flows over his land, still the owners of the banks are the owners of the right to use the water for any lawful purpose— each owning an undivided half of that right. Consequently, their rights and liabilities in respect to the use of the water are those of tenants in common in respect to common property. Although they are not the common owners of the water, they are of the right to use it. If either uses it, his rights and his liabilities to the other owners will be the same as though they were tenants in common of the water. Since this is so, no reason can be given why a different rule should be applied when one of the owners is asked to account to the other for any benefit he has received from his use of more than his fair share of the water, from that applied in the case of an accounting between the common owners of any other property.

It is settled in this state that when a common owner uses more than his share of the common property,—in this case the common right to use the water,—he must account to his cotenants for their equitable share of the benefit he received from his use of their share. *Gage* v. *Gage*, 66 N. H. 282. Consequently, no question being raised as to the form of action, there should have been a decree that the plaintiff recover, at the rate of $500 a year from August 1, 1903, the benefit which it is found the defendants have received from their use of his share of the common property. The defendants' exception to the dismissal of their motion and to the injunction, and the plaintiff's to the assessment of damages, are sustained.

*Case discharged.*

All concurred.