## PRICE v. SOUTHERN POWER CO. et al.

### (District Court, W. D. South Carolina. July 21, 1913.)

1. REMOVAL OF CAUSES (§ 36*)—TRIAL IN FEDERAL COURT—RIGHTS OF NON-RESIDENT PARTY—REMOVAL OF CAUSE.

The right of a citizen of another state, when sued in a state court by a citizen of the state in which the suit is brought, to have the controversy heard and determined in a federal court of the district, is constitutional, and cannot be defeated by fraudulent joinder as a codefendant of a citizen of the state for the purpose of defeating a removal of the cause.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 79; Dec. Dig. § 36.*]

2. REMOVAL OF CAUSES (§ 36*)—CITIZENSHIP OF PARTIES—JOINDER OF CITIZEN DEFENDANT—JOINT CAUSE OF ACTION.

Where plaintiff sues a citizen, and a noncitizen defendant in a state court on an alleged joint cause of action, plaintiff's right to a trial in the state court as against a petition by the noncitizen defendant to remove the cause depends on whether the action alleged is really a joint one, or whether there is sufficient uncertainty to preclude an inference that the allegation of a joint liability is merely colorable or pretensive.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 79; Dec. Dig. § 36.*]

3. REMOVAL OF CAUSES (§ 36*)—JOINDER OF CITIZEN DEFENDANT.

Plaintiff is entitled to make a charge against a citizen and a noncitizen defendant jointly, if he so elects, and the fact that he may be mistaken, and misconceive his rights, and that his claim might ultimately turn out to be only against the noncitizen defendant, does not affect his right to a hearing in the state court, providing his joinder is in good faith, and not to prevent a removal by a pretensive and fraudulent joinder.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 79; Dec. Dig. § 36.*]

4. REMOVAL OF CAUSES (§ 36*)—PARTIES—CITIZEN AND NONCITIZEN DEFENDANTS—JOINDER—FRAUD.

Since fraudulent joinder of a citizen with a noncitizen defendant in order to prevent a removal of the cause may be established by circumstances, the court will find a fraudulent joinder, if it is clear that the citizen defendant can be held liable to plaintiff on no reasonable legal ground on the cause of action alleged in the complaint, and that plaintiff knew or must be presumed to have known such to be the case when the suit was brought.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 79; Dec. Dig. § 36.*]

5. CORPORATIONS (§ 494*)—LEASED PROPERTY—OPERATION BY LESSEE—INJURIES TO INDIVIDUALS—LIABILITY.

Under the South Carolina law, where a public service corporation leases its property to an operating company, the lessor remains liable, together with the lessee, for injuries to third persons through the operation of the property by the lessee.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1905; Dec. Dig. § 494.*]

6. REMOVAL OF CAUSES (§ 36*)—CITIZEN AND NONCITIZEN DEFENDANTS—JOINDER—FRAUD.

Where plaintiff's decedent was killed by electricity alleged to have been negligently permitted to escape from the wires of the C. Power Co., a resident corporation, while the lines and property of that company were being operated by the S. Power Co., a nonresident corporation, and there

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was no recorded transfer of such property by the C. Co., nor had there been any such notorious transfer of such property to the S. Co. as would have been sufficient to charge plaintiff with notice that the C. Co. had no longer any interest in the ownership or operation of the property, plaintiff's joinder of the latter with the S. Co. in a suit for damages was not fraudulent, so as to entitle the S. Co. to remove the cause to a federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 79; Dec. Dig. § 36.*]

At Law. Action by Edward B. Price, as administrator of the estate of Edward B. Price, Jr., against the Southern Power Company and the Catawba Power Company. On motion of plaintiff to remand the cause to the state court. Granted.

Thomas F. McDow and J. S. Brice, both of Yorkville, S. C., for plaintiff.

McDonald & McDonald, of Winnsboro, S. C., and Osborne, Cocke & Robinson, of Charlotte, N. C., for defendants.

SMITH, District Judge. This cause came on to be heard on a motion to remand the same to the court of common pleas for the county of York, and having been heard on the pleadings and the affidavits submitted by each side, and counsel on both sides having been heard. It is ordered and adjudged as follows:

The petition for removal sets up as ground for removal: That the entire controversy in the cause is between the plaintiff and the defendant seeking to remove the action, viz., the Southern Power Company, and that the defendant the Southern Power Company is a citizen of the state of New Jersey and the plaintiff a citizen of South Carolina. That the other defendant, the Catawba Power Company, is a citizen of the state of South Carolina, but is a wholly unnecessary party, and has been by the plaintiff joined as a codefendant for the purpose of fraudulently preventing a removal of the cause to this court; the plaintiff well knowing at the time of the institution of the action that the Catawba Power Company was not a necessary or proper party. The removal is not sought on the ground that in the proceeding instituted by the plaintiff there is involved a controversy or cause of action separate and distinct from other controversies in the cause, and which separate controversy can be wholly determined between the plaintiff and the Southern Power Company without the presence of the other defendant, but it is sought on the ground that the only cause of action set up by the plaintiff is one between the plaintiff and the Southern Power Company, and that the joinder of the Catawba Power Company has been fraudulently made in order to prevent a removal.

Inasmuch as, if the Catawba Power Company was not a defendant, there would, under the complaint and the allegations of the petition for removal, be no question as to the right of the defendant the Southern Power Company to remove, the question is limited to whether there has been a fraudulent joinder of the Catawba Power Company as a defendant for the purpose of preventing a removal. The plaintiff insists in the affidavits filed that the joinder of the Catawba Power

Company was made in the utmost good faith; that the record had been diligently searched, and that it showed the Catawba Power Company to be the party owning the power plant and the main line transmitting the electric power which caused the injury; that there was nothing on the record to show any transfer of any kind to the Southern Power Company, which presumptively was operating the lines, both main and spur, as the lessee or agent of the Catawba Power Company; that the plaintiff had no knowledge of anything to the contrary, and that under these circumstances the plaintiff was entitled to hold both defendants responsible.

To support its position the defendant seeking the removal has filed affidavits to the effect that the Catawba Power Company had, some time prior to the injury complained of, transferred to the Southern Power Company its entire interest in the main transmission line by which the electric power was transmitted from the point of production to the spur line on which the injury complained of was inflicted, and that the spur line never had been owned by the Catawba Power Company, but had been constructed by the Southern Power Company, by which last company both the spur line as well as the main transmission line were exclusively operated at the time of the injury, and that the Catawba Power Company had no connection with the lines or their operation and could be in no wise responsible for the injury alleged in the complaint.

[1] The right of a citizen of another state, when sued in the state court of South Carolina by a citizen of South Carolina, to have the controversy heard and determined in this court is constitutional, and under the statute passed in pursuance of the Constitution for the removal of such actions to this court that right cannot be defeated by the fraudulent joinder as a codefendant of a citizen of South Carolina for the purpose of defeating a removal to this court and the trial in the proper jurisdiction. The rule on the subject has been laid down by the Supreme Court of the United States in the following cases: Wecker v. National Enameling Co., 204 U. S. 176, 27 Sup. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757; Chicago, B. & Q. Ry. Co. v. Willard, 220 U. S. 413, 31 Sup. Ct. 460, 55 L. Ed. 521; Chicago, R. I. & Pac. Ry. Co. v. Schwyhart, 227 U. S. 184, 33 Sup. Ct. 250, 57 L. Ed. ——.

[2] The plaintiff may in good faith proceed in the state courts in such cases upon an action which he alleges to be joint, if it be so really, or if it is sufficiently uncertain as not to justify the inference that the allegation that the liability is a joint one is merely colorable or pretensive. But it is the duty of the federal courts not to sanction devices intended to prevent removals to the federal courts where one has that right, and to be equally vigilant to protect the right to proceed in the federal court as to permit the state courts in proper cases to retain their own jurisdiction. And where the claim is made in the petition for removal that the joinder has been fraudulently made for the purpose of preventing a removal, the question of fraud in the joinder must be tried and determined in the federal court. Wecker v. National Enameling Co., 204 U. S. 176, 27 Sup. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757. When the plaintiff alleges a cause of action as existing

against defendants jointly charged by him, and one of them is a citizen of a different state, the fact that ultimately the claim may be adjudged a several one, existing only against the citizen of the other state, does not necessarily give to that party a right to remove.

[3] The plaintiff has a right to make his charge a joint one if he sees fit, and that he may be mistaken and misconceive his rights, and that his claim might be only against the citizen of a different state, does not affect his right to sue the defendants as jointly liable, providing it is done in good faith and not for the purpose of preventing a removal by a pretensive and fraudulent joinder. This may not be a very easily enforceable rule, as it leaves to the federal court in each case the duty of deciding whether in that particular case the joinder has been made for the purpose of preventing the exercise by one of the defendants of his statutory right to have the cause removed and tried in the federal court.

This involves in each case the question whether the party joined as a defendant is so clearly not chargeable, under any view of the law and facts, as to furnish just ground for the inference that the joinder of such a defendant could not have been made in good faith, but must have been pretensive, which makes the result in each case depend, not upon any general rule, but on the view the court takes as to this "pretensiveness" under the facts of each case. However that may be, it is the rule governing the question as laid down by the Supreme Court of the United States in the cases cited.

[4] The existence of fraud in such cases may be established as in other cases from circumstances. It is very seldom that fraud can be established, except by inference drawn from the circumstances of the case. If it be clear that legally the defendant who is a citizen of the same state as the plaintiff can be liable to the plaintiff on no reasonably legal ground on the cause of action set up in the complaint or declaration, and that the plaintiff knew or must be presumed to have known such to be the case, then the joinder as a codefendant of such citizen of the same state as plaintiff, the presence of which codefendant cannot be justified by any legal rule as to parties, so as that his presence as a defendant is explainable only by the joinder having been pretensively made so as to defeat a removal. This would justify the inference that the joinder was a fraudulent one on the part of the plaintiff.

[5] In the present case the affidavits show that the plaintiff had no sufficient cause to know that the Southern Power Company was the sole party responsible, and that the Catawba Power Company could not in any event be held responsible also. The line and power plant which furnished the power which inflicted the injury had been built by the Catawba Power Company. There was nothing on the record to show that the Catawba Power Company had transferred the property to the Southern Power Company, and that the latter was the sole party responsible. If the Southern Power Company were only acting as the lessee, agent, or suboperator of the Catawba Power Company, then the plaintiff might have had the right to claim that in the case of public service corporations both lessor, agent, or operator, and lessee and

suboperator, were responsible. By the law of South Carolina the lessor railway corporation continues responsible together with the lessee railway for damages to individuals through the operation of the leased property, and it would be not illogical to hold that the same rule prevailed in the case of other public service corporations.

[6] There does not appear from the affidavits to have been any such open, notorious transfer of the property from the Catawba Power Company, or substitution of the Southern Power Company in the place of the Catawba Power Company in the operation of the line, as would have sufficiently in the absence of any recorded transfer charged the plaintiff with notice that the Catawba Power Company had no longer any interest or part in the ownership or operation of the property. The party injured under such circumstances may have the right to claim that the unnotified public have the right to hold both parties liable. The evidence is not sufficient to show that the plaintiff was or should have been aware of such circumstances as would have clearly established that the Catawba Power Company was not an essential or proper party so as to justify the inference that its joinder as a defendant was not made in good faith, but for the sole purpose of preventing the exercise by the Southern Power Company of its statutory right of removal of the action to this court for trial, and was therefore a fraudulent joinder.

The motion to remand is accordingly granted, and the action is remanded to the court of common pleas for York county.