DAVEY v. YOLO WATER & POWER CO. et al.

(District Court, N. D. California, Second Division. December 18, 1913.)

1. REMOVAL OF CAUSES (§ 61*)—SEPARABLE CONTROVERSY—DETERMINATION.
    Where an action is brought in the state court against several defendants, one of whom is of diverse citizenship, whether the suit involves a separable controversy as to such defendants so as to be removable to the federal court must be determined from the state of the pleadings and record at the time of the application for removal, and cannot be affected by facts otherwise disclosed.
    [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 115; Dec. Dig. § 61.*]

2. REMOVAL OF CAUSES (§ 52*)—SEPARABLE CONTROVERSY—CAUSE OF ACTION.
    Plaintiff brought suit against several defendants jointly to quiet plaintiff's title to the waters of a natural stream, alleging that plaintiff was rightfully in possession and entitled to the use for irrigation of a certain quantity of water constituting the flow of certain water courses, etc., and that defendants claim an estate or interest in the waters and in the use thereof, without right, etc., praying that the rights of the parties be settled by decree. Held, that under the theory of the complaint, plaintiff was entitled to join the several defendants as provided by Code Civ. Proc. Cal. § 379, and, having done so, one of the defendants·of diverse citizenship was not entitled to remove the cause to the federal court on the ground that the suit, as to it, involved a separable controversy, in that such defendant's interest was in fact separate and distinct from those of its codefendants.
    [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 102, 103, 105; Dec. Dig. § 52.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. Suit by H. C. Davey against the Yolo Water & Power Company and others. On plaintiff's motion to remand. Granted.

William Clark Crittenden, of San Francisco, Cal., for plaintiff.

Charles S. Wheeler and John F. Bowie, both of San Francisco, Cal., for defendant Power & Irrigation Co., of Clear Lake.

VAN FLEET, District Judge. This is a motion to remand the cause to the state court. The action is against several defendants, sued jointly to quiet plaintiff's title to the waters of a natural stream, it being alleged that plaintiff is rightfully in possession and entitled to the use for the purposes of irrigation of a certain quantity of water, "constituting the natural flow and flood waters of Kelsey creek, in the county of Lake, state of California, and of any waters flowing or lying beneath the surface of the gravel or in the ground in the bed of said creek," etc., and that "the said defendants claim, and each of them claims, an estate or interest in said waters and water right and in the use of said waters, adverse to the said plaintiff and his said use thereof," without right, etc., with a prayer that the rights of the parties be settled by the decree. The plaintiff and all of the defendants but one are residents and citizens of this state. The nonresident defendant, the Power & Irrigation Company of Clear Lake, is an Arizona corporation, and has removed the cause here solely upon the ground that there exists, as between it and the plaintiff, a separable controversy.

[1, 2] I am disinclined to hold with plaintiff's first contention that the case is not one falling within the grant of original jurisdiction to this court, and hence not subject to removal; but it is not necessary to determine that question, since I am of opinion that the case is improperly here under the further objection urged that no separable controversy is disclosed by the record. This latter question must be determined from the state of the pleadings and record at the time of the application for removal, and cannot be affected by facts disclosed otherwise. C., B. & Q. Ry. Co. v. Willard, 220 U. S. 413, 426, 31 Sup. Ct. 460, 55 L. Ed. 521. In this respect it is to be observed that the claim of the plaintiff extends to the waters of the stream as an entirety, and the averment is that each and all of the defendants claim an interest adverse to that right; and the prayer is that the rights of plaintiff and the adverse claims of all the defendants be declared and determined by the decree. Upon the cause of action thus stated, no separable controversy arises as between the plaintiff and any one of the defendants, but the controversy is common to all. Moon on Removal, par. 144.

And it can make no difference for present purposes that the facts may not turn out as laid, and that plaintiff may not be able to maintain his cause of action as stated. Upon the theory on which the plaintiff proceeds, it was his right to join the several defendants. C. C. P. § 379. And, having chosen to do so, he has a right to have the action proceed to trial upon that theory. As said in Powers v. Chesapeake & Ohio R. R. Co., 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673:

"A defendant has no right to say that an action shall be several which the plaintiff seeks to make joint. A separate defense may defeat a joint recov-

ery, but it cannot deprive plaintiff of his right to prosecute his suit to final decision in his own way. The cause of action is the subject-matter of the controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings."

It is immaterial, therefore, if it be true, as alleged in the petition, that the interest of the removing defendant be in fact separate and distinct from that of its codefendants. As said in Wilson v. Oswego Township, 151 U. S. 56, 14 Sup. Ct. 259, 38 L. Ed. 70:

"It has been too frequently decided to be now questioned that the plaintiff may elect his own method of attack, and the case which he makes in his declaration, bill, or complaint, that being the only pleading in the case, is to determine the separable character of the controversy for the purpose of deciding the right of removal."

The case is in no wise to be distinguished in principle from that of West Side Railroad Co. v. California-Pacific Railroad Co. (D. C.) 202 Fed. 331, recently decided in this court.

The motion to remand must be granted; and it is so ordered.