### WHIFFIN v. COLE.

(District Court, D. Idaho, S. D.  January 24, 1919.)

No. 650.

Removal of causes ⊕⟹21—Action against manager of reclamation project removable.

An action against the manager for the United States of a reclamation project to recover damages for negligence while acting in his representative capacity *held* to presumptively involve a federal question and to be removable.

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. Action by C. W. Whiffin against D. W. Cole. On motion to remand to state court. Denied.

Ira E. Barber, of Boise, Idaho, for plaintiff.

J. L. McClear, U. S. Atty., and B. E. Stoutemyer, both of Boise, Idaho, for defendant.

DIETRICH, District Judge. The precise question involved is whether the "project manager" of a United States reclamation project, when sued in a state court for damages on account of his alleged negligence in operating a project canal, can remove the cause to a federal court. The answer, it is thought, must be in the affirmative. In view of the relation of the government to such a project and the administrative status of the manager, a federal question is presumed to be involved; and after all that is the ultimate inquiry, for upon that ground alone defendant predicates his claim of a right to remove. True, there may be some doubt whether in a strict legal sense Cole is an "officer" of the United States. U. S. v. Mouat, 124 U. S. 303, 8 Sup. Ct. 505, 31 L. Ed. 463; U. S. v. Germaine, 99 U. S. 508, 25 L. Ed. 482. It is not uncommon, however, to refer to those having responsible charge of a reclamation project as officers. Swigart v. Baker, 229 U. S. 187, 33 Sup. Ct. 645, 57 L. Ed. 1143; Reclamation Manual, pp. 227, 270.

But whether the manager is an "officer" is not the controlling question. Admittedly he is the governmental representative, through whom the project is managed and carried on, and it is not highly material whether his status be that of an officer or a responsible agent. He is engaged in the administration of a federal law, and he has the right to bring into the federal courts controversies, to which he is made a party, touching the validity or propriety of acts done by him in his representative capacity. Moon on Removal of Causes, pp. 259 to 263; Sonnentheil v. Christian Moerlein Brew Co., 172 U. S. 401, 19 Sup. Ct. 233, 43 L. Ed. 492; Bock v. Perkins, 139 U. S. 628, 11 Sup. Ct. 677, 35 L. Ed. 314.

Accordingly the motion will be denied.