**NORTH SIDE CANAL CO., Limited, v. TWIN FALLS CANAL CO., et al.**

(District Court, D. Idaho, S. D.   April 19, 1926.)

No. 1198.

1. **Removal of causes ⟨key⟩21—Suit to establish right to prior use of waters, wherein Secretary of the Interior is defendant, held not removable to federal court, as suit against officer of revenue, of United States court, or of either house of Congress (Rev. St. § 643 [Comp. St. 1015]).**

Suit to establish right to prior use of waters, wherein Secretary of the Interior was defendant, and claimed certain rights under a former decree, *held* not removable to federal court, under Rev. St. § 643 (Comp. St. § 1015), Secretary of the Interior being neither officer of revenue, of United States court, or of either house of Congress.

2. **United States ⟨key⟩125—Suit against Secretary of the Interior, involving right to prior use of water, held one against United States, and federal District Court had no jurisdiction, in absence of statute waiving immunity from suit.**

Suit to establish right to prior use of waters, wherein Secretary of the Interior, as defendant, claimed certain rights under former decree, *held* one in which United States was real party defendant, and, in absence of statute waiving immunity from suit, federal District Court had no jurisdiction, regardless of state of which Secretary was citizen.

3. **Courts ⟨key⟩287—Suit to establish prior use of waters under federal statutes held one under laws of United States, and federal District Court has jurisdiction thereof (Carey Act, § 4 [Comp. St. § 4685]; Act June 17, 1902 [Comp. St. § 4700 et seq.]).**

Suit to establish right to prior use of waters, wherein Secretary of the Interior, as defendant, claimed certain rights under Carey Act, § 4 (Comp. St. § 4685), and Reclamation Act June 17, 1902 (Comp. St. § 4700 et seq.), is one arising under laws of United States, and federal District Court has jurisdiction thereof.

4. **Removal of causes ⟨key⟩21—Word "control," in Reclamation Act, held not to warrant inference that Congress intended to relegate suit against United States or Secretary of the Interior involving right, title, or interest of United States, to state court for determination, and deny right of removal (Reclamation Act June 17, 1902, § 8 [Comp. St. § 4707]).**

Word "control," in Reclamation Act June 17, 1902, § 8 (Comp. St. § 4707), providing that nothing therein shall be construed to affect or interfere with state laws relating to control, appropriation, use, or distribution of water used in irrigation, or any vested right acquired thereunder, *held* not to warrant inference that Congress thereby intended to relegate suit against United States or Secretary of the Interior involving, right, title, or interest of United States, to state court for determination,

or to deny United States or Secretary the right of removal.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Control.]

5. **Courts ⟨key⟩302—Suit to establish right to use of water as prior appropriator as relates to determination of each appropriator's amount, is one for partition (Judicial Code, § 24 [Comp. St. § 991, subd. 25]).**

Suit to establish right to use of water as prior appropriator, in so far as determination of amount of water each appropriator is entitled to, is one for partition, within Judicial Code, § 24 (Comp. St. § 991, subd. 25), notwithstanding determination of rights of party to priority is in nature of suit to quiet title.

6. **United States ⟨key⟩131—Where suit is against United States, federal court's jurisdiction is to be determined by that fact, rather than by fact that it arises under laws of United States.**

Where suit is against United States, question whether federal District Court has jurisdiction is to be determined by that fact, rather than by fact that it arises under laws of United States.

7. **Removal of causes ⟨key⟩86(6)—Allegation in petition for removal that value of matter in dispute exceeds $3,000 held not to show federal court's jurisdiction (Tucker Act [24 Stat. 505]).**

Under Tucker Act, allegation in defendant's petition for removal that value of matter in dispute is in excess of $3,000 *held* not to show federal court's jurisdiction.

8. **Courts ⟨key⟩489(5)—Word "land," in statute giving federal District Court jurisdiction of suits to partition land, where United States is tenant in common or joint tenant, means realty, as distinguished from personalty, and includes waters on land (Judicial Code, § 24 [Comp. St. § 991, subd. 25]).**

Word "land," in Judicial Code, § 24 (Comp. St. § 991, subd. 25), giving federal District Courts jurisdiction of suits in equity by tenant in common or joint tenant for partition of lands, where United States is tenant in common or joint tenant, means realty as distinguished from personalty, and includes waters on land and water claimed to be appropriated for use in irrigation (citing Words and Phrases, First and Second Series, "Land").

In Equity.   Suit by the North Side Canal Company, Limited, against the Twin Falls Canal Company and others.   On plaintiff's motion to remand to state court.   Motion denied.

Walters & Parry, of Twin Falls, Idaho, for plaintiff.

H. E. Ray and B. E. Stoutemyer, both of Boise, Idaho, for defendant Work.

CUSHMAN, District Judge.   Plaintiff alleges appropriation and right to prior use of certain amounts of the waters of Snake river, alleged to have been by it and its

predecessors in interest, upon several different dates, diverted in the state of Idaho, and in the waters of which stream it is alleged the defendants claim some right, title, or interest. The prayer of the bill is: That plaintiff be decreed, for use upon certain lands, 3,300 second feet of such waters, with certain priority dates; that defendants be required to set up in this cause such claims as they may have to such waters; that the right, title, interest, and claim of each defendant be determined; and that those of the defendants having rights in such waters of priority dates subsequent to those claimed by the plaintiff be enjoined from asserting any claims adverse to those of plaintiff.

It appears from the bill that in 1913 the plaintiff and certain of the defendants were decreed rights in the waters of this stream; one of the defendants being the Secretary of the Interior of the United States, who was awarded the use of 1,725 second feet of water, diverted at Minidoka dam. Plaintiff now seeks to establish its right, title, and right to prior use of certain diversions not covered by that decree, and in certain other respects asks a decree confirmatory of the former decree. It is alleged that the plaintiff and certain of the defendants are citizens of Idaho, that the defendant Hubert W. Work, Secretary of the Interior, is a citizen of Colorado. The Secretary has removed the cause to this court, alleging that the suit involves a property right of the United States in the waters of Snake river, that the suit is one arising under the Constitution and laws of the United States, and that there is diversity of citizenship, and a separable controversy. Plaintiff moves to remand.

Plaintiff cites: Twin Falls Canal Co. v. Foote (C. C.) 192 F. 583; City of Stanfield v. Umatilla River Water Users' Ass'n (C. C.) 192 F. 596; Furey v. Taylor, 127 P. 676, 22 Idaho, 605; Frost v. Alturas Water Co., 81 P. 996, 11 Idaho, 294; Simkins Federal Practice, p. 1156; Lomax v. Foster Lbr. Co. et. al., 174 F. 959, 99 C. C. A. 463; In re Silvies River (D. C.) 199 F. 495; Davey v. Yolo Water & Power Co. et al. (D. C.) 211 F. 345.

In addition, defendants cite the following cases: Whiffin v. Cole (D. C.) 264 F. 252; Sonnentheil v. Christian Moerlein Brewing Co., 19 S. Ct. 233, 172 U. S. 401, 43 L. Ed. 492; Moon on Removal of Causes, pp. 259 to 263; Loop v. Winter's Estate (C. C.) 115 F. 362; Camp v. Field (C. C.) 189 F. 285; Hughes, Fed. Proc. (2d Ed.) par. 132, p. 380; Dishon v. Railroad Co., 133 F. 471, 66 C. C. A. 345; Atlanta, K. & N. Ry. Co. v. So. R. R. Co., 153 F. 122, 82 C. C. A. 256, 11 Ann. Cas. 766; Frost et al. v. Idaho Irrigation Co., 114 P. 38, 19 Idaho, 372; Taylor v. Hulett et al., 97 P. 37, 15 Idaho, 265, 19 L. R. A. (N. S.) 535; McMullen v. Hallock Cattle Co. (C. C.) 193 F. 282; 3 Foster, Federal Prac. (6th Ed.) par. 540; Nelson v. Hennessey (C. C.) 33 F. 113; Chattanooga, R. & C. R. Co. v. Cincinnati, N. O. & T. P. Ry. Co. (C. C.) 44 F. 456; Rivers v. Bradley (C. C.) 53 F. 305; Hukill v. Maysville, etc., Co. (C. C.) 72 F. 745; Prince v. Illinois Cent. R. Co. (C. C.) 98 F. 1; Mahon v. Somers (C. C.) 112 F. 174; Loop v. Winter's Estate (C. C.) 115 F. 362; Sidway v. Missouri Land, etc., Co. (C. C.) 116 F. 381; Kelly v. Chicago & A. Ry. Co. (C. C.) 122 F. 286; Carothers v. McKinley Mining & Smelting Co. (C. C.) 122 F. 305; Bryce v. Southern Ry. Co. (C. C.) 122 F. 709; Henry v. Illinois Cent. Ry. Co. (C. C.) 132 F. 715; Boatmen's Bank v. Fritzlen, 135 F. 650, 68 C. C. A. 288; Fritzlen v. Boatmen's Bank, 29 S. Ct. 366, 212 U. S. 364, 53 L. Ed. 551; Axline v. Toledo, etc., Co. (C. C.) 138 F. 169; Curtis v. Cleveland, etc. Co. (C. C.) 140 F. 777; Iowa Lillovet Gold Min. Co. v. Bliss (C. C.) 144 F. 446; Cella v. Brown, 144 F. 742, 75 C. C. A. 608; Chicago, R. I. & P. Ry. Co. v. Stepp (C. C.) 151 F. 908; Floyt v. Shenango Furnace Co. (C. C.) 186 F. 539; McAllister v. Chesapeake & O. Ry. Co. (D. C.) 198 F. 660; Price v. Southern Power Co. (D. C.) 206 F. 496; Richardson v. Southern Idaho Water Power Co. (D. C.) 209 F. 949; English v. Supreme Conclave I. O. of H. (D. C.) 235 F. 630; Barney v. Latham, 103 U. S. 205, 26 L. Ed. 514; Hervey v. Illinois Midland Ry. Co., Fed. Cas. No. 6,434; Carraher v. Brennan, Fed. Cas. No. 2,441; Girardey v. Moore, Fed Cas. No. 5,462; Farmers' Loan & Trust Co. v. Chicago, P. & S. W. R. Co., Fed. Cas. No. 4,665; Sheldon v. Keokuk N. L. Packet Co. (C. C.) 1 F. 789; Corbin v. Boies (C. C.) 18 F. 3; Atlantic & V. Fertilizing Co. v. Carter (C. C.) 88 F. 707; Swan v. Mansfield, etc., Co., 7 Ohio Dec. 669, Manufacturers' Commercial Co. v. Brown Alaska Co. (C. C.) 148 F. 308; S. Clare Mower v. J. B. Bond (D. C.) 6 F.(2d) 890, decided by Judge Dietrich; Burley v. United States, 179 F. 1, 102 C. C. A. 429, 33 L. R. A. (N. S.) 807; Winters v. United States, 28 S. Ct. 207, 207 U. S. 564, 52 L. Ed. 340; Wyoming v. Colorado, 42 S. Ct. 552, 259 U. S. 419, 66 L. Ed. 999; New York Canal Co. v. Bond (C. C. A.) 265 F. 228;

Id. (D. C.) 273 F. 825; Payette-Boise Water Users' Ass'n v. Cole (D. C.) 263 F. 734; Quigg v. Dietz (unreported); Whiffin v. Cole (C. C. A.) 264 F. 252; Blevins v. Hines (D. C.) 264 F. 1005; Taylor v. Hewitt et al., 97 P. 37, 15 Idaho, 265, 19 L. R. A. (N. S.) 535; Frost et al. v. Idaho Irrigation Co., 114 P. 38, 19 Idaho, 372.

[1] The present suit is not removable under R. S. § 643, Comp. St. § 1015, for the Secretary is neither an officer of the revenue, of the United States court, or either house of Congress. Pacific Live Stock Co. v. Oregon Water Board, 36 S. Ct. 637, 241 U. S. 440, 60 L. Ed. 1084, has been cited against the right of removal. In that case the question was one of diversity of citizenship alone, and the proceeding sought to be removed was not yet in any court; neither did the United States appear to have any interest in the waters involved. Sloan Shipyards v. U. S. Fleet Corp., 42 S. Ct. 386, 258 U. S. 549, 66 L. Ed. 762, and cases of that character have no application, for under the Reclamation Act the government is not acting as a corporation organized under local laws for the conduct of business. It is saving, conserving, and developing a part of its public lands by the use of the waters flowing through them.

[2] The present case is one where the United States is the real party defendant. Minnesota v. Hitchcock, 22 S. Ct. 650, 185 U. S. 373, 385, 46 L. Ed. 954; West Side Irr. Co. v. United States, 246 F. 212, 158 C. C. A. 372; Whiffin v. Cole (D. C.) 264 F. 252. The United States being the real party in interest, and the Secretary having no interest other than that of the United States, his being a citizen of a state other than Idaho has no bearing. Oregon v. Hitchcock, 26 S. Ct. 568, 202 U. S. 60, 50 L. Ed. 935. The suit being one against the United States, the court is without jurisdiction, in the absence of an act of Congress waiving immunity from suit. Naganab v. Hitchcock, 26 S. Ct. 667, 202 U. S. 473, 50 L. Ed. 1113.

[3] The suit necessarily involves a consideration of the Carey Act (section 4, c. 301, of the Laws of 1894, 28 Stat. 422, Comp. St. § 4685), and the Reclamation Act of June 17, 1902 (chapter 1093, 32 Stat. Comp. St. § 4700 et seq.), for under these laws the Secretary, as appears by the bill, is asserting rights in such waters; therefore the case is one arising under the laws of the United States. Tennessee v. Davis, 100 U. S. 257, 25 L. Ed. 648; Sonnentheil v. Moerlein Brewing Co., 19 S. Ct. 233, 172 U. S. 401, 43 L. Ed. 492. The Secretary and his predecessors in office, under the Reclamation Act, as shown, particularly by sections 1 and 3 of that act, must have done so primarily for the reclamation of arid and semi-arid lands of the United States. Burley v. United States, 179 F. 1, 102 C. C. A. 429, 33 L. R. A. (N. S.) 807. Whether the public land holdings of the United States would, in the case of an interstate river, enable it to impose its policies in these matters upon states, was not determined in Wyoming v. Colorado, 42 S. Ct. 552, 259 U. S. 419–465, 66 L. Ed. 999. That there may be an implied reservation of water, growing out of its need for reclamation of arid lands, was recognized in Winters v. United States, 28 S. Ct. 207, 207 U. S. 564, 52 L. Ed. 340. Implied reservations have been upheld in other cases. United States v. Winans, 25 S. Ct. 662, 198 U. S. 371, 49 L. Ed. 1089; United States v. Rio Grande Irr. Co., 19 S. Ct. 770, 174 U. S. 690–703, 43 L. Ed. 1136; United States v. O'Brien (C. C.) 170 F. 508.

[4] Section 8 of the Reclamation Act of June 17, 1902, 32 Stat. 390, Comp. St. § 4707, provides:

"Nothing in this act shall be construed as affecting or intended to affect or to in any way interfere with the laws of any state or territory relating to the control, appropriation, use, or distribution of water used in irrigation, or any vested right acquired thereunder, and the Secretary of the Interior, in carrying out the provisions of this act, shall proceed in conformity with such laws, and nothing herein shall in any way affect any right of any state or of the federal government or of any landowner, appropriator, or user of water in, to, or from any interstate stream or the waters thereof: Provided, that the right to the use of water acquired under the provisions of this act shall be appurtenant to the land irrigated, and beneficial use shall be the basis, the measure, and the limit of the right."

If it be conceded that this section is applicable to a river such as the Snake, yet the word "control," in this section, is associated with the words "appropriation," "use," and "distribution," and takes its meaning from its association with them. The use of this word "control," in the section, does not warrant the inference that Congress thereby intended to relegate a suit against the United States, or its Secretary of the Interior, where the right, title, and interest of the United States was at stake, to a state court for determination, and deny the United States or its Secretary the right

of removal. The acquiring of water rights for the purpose of irrigating land, and the determination by courts of what those rights are, after acquirement, are entirely different subjects, and it is reasonable to conclude that section 8 has no application to the latter of these.

[5, 6] Upon the argument it was stated that the ruling of the courts of Idaho and Oregon as to the nature of a water suit was not to the same effect; it being argued that in the former state it had been held to be a suit to quiet title, while in the latter it was held to be one for partition. Frost v. Idaho Irr. Co., 114 P. 38, 19 Idaho, 372; Frost v. Alturas Water Co., 81 P. 996, 11 Idaho, 294; Taylor v. Hulett, 97 P. 37, 15 Idaho, 265, 19 L. R. A. (N. S.) 535; In re Silvies River (D. C.) 199 F. 503. The court will not consider whether the decision of the courts of these two states are really at variance upon this question or can be harmonized; for it appears to the court that, at least, so far as the determination of the amount of water to which each appropriator is entitled, the suit is one for partition. And this is true, even though it be conceded that a determination of the rights of the party to priority, one over another, is in the nature of a suit to quiet title. The case being one against the United States, the jurisdiction of the court is to be determined by that fact, rather than by the fact that it arises under a law of the United States; for all suits against the United States, to be maintainable, must so arise.

[7, 8] The only allegation as to the value of the matter in dispute is the allegation in the petition for removal, that it is in excess of $3,000. Under the Tucker Act (24 Stat. 505) this court's jurisdiction is limited to claims not exceeding $10,000 in amount. There is, therefore, no jurisdiction of the present controversy under the Tucker Act, shown by the records in this case. Section 24 of the Judicial Code (section 991 and subdivision 25 thereof, Comp. Stat.) provide:

"The District Courts shall have original jurisdiction as follows: * * * Twenty-Fifth. Of suits in equity brought by any tenant in common or joint tenant for the partition of lands in cases where the United States is one of such tenants in common or joint tenants, such suits to be brought in the district in which such land is situate."

"Land," in a statute of this general nature, must necessarily be given a broad and comprehensive meaning. "Land," in such sense, includes waters upon the land, and water claimed to be appropriated for use in the development, by irrigation, of the land. Bouvier's Law Dictionary, "Land"; Kingsley v. Holbrook, 45 N. H. 313, 86 Am. Dec. 173; 5 Words and Phrases, First Series, p. 3984, "Water and Water Power"; Kimberly & Clark Co. v. Hewitt, 44 N. W. 303, 75 Wis. 371; Hardin v. Jordan, 11 S. Ct. 808, 838, 140 U. S. 371, 35 L. Ed. 428; Hamor v. Bar Harbor Water Co., 3 A. 40, 78 Me. 127; McGee Irr. Ditch Co. v. Hudson (Tex. Sup.) 22 S. W. 967; 3 Words and Phrases, Second Series, pp. 6 and 7, "Water and Water Power"; Philadelphia Trust, etc., & Ins. Co. v. Borough of Merchantville, 69 A. 729, 74 N. J. Eq. 330; Swain v. Pemigewasset Power Co., 85 A. 288, 76 N. H. 498. See, also, Hooker et al. v. McLeod et al., 41 A. 234, 70 Vt. 327; Roberts v. Claremont Ry. & L. Co., 66 A. 485, 74 N. H. 217, 124 Am. St. Rep. 962; Warren et al. v. Westbrook, etc., 33 A. 665, 88 Me. 58, 35 L. R. A. 388, 51 Am. St. Rep. 372.

In the foregoing statute the word "land" is evidently used to distinguish the matter subject to partition from personal property, which ordinarily is recognized to likewise be subject to a partition suit. 30 Cyc. 175, par. 5. One of the reasons that a suit for the partition, strictly, of land, is a local suit, it is reasonable to conclude, is that those having knowledge of the facts involved in the determination of such a cause will most likely be found where the land is. This is no less true in a water suit.

The motion to remand is denied.